**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SYLVIA A. SOUDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-108-M |
| | ) | |
| KMART CORPORATION d/b/a | ) | |
| KMART, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Partial Motion to Dismiss Second Amended Complaint, filed November 3, 2011. On November 22, 2011, plaintiff's response was filed. Defendant's reply was filed on November 29, 2011. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Sylvia A. Souders ("plaintiff") a former employee of Kmart Holding Corporation d/b/a Kmart ("defendant") brings this action. Plaintiff alleges violation of The Equal Pay Act of 1963, as amended, Title VII of the Civil Rights of 1964, as amended, and applicable state law. Specifically, plaintiff contends at pertinent times during her employment with defendant she was discriminated against based upon her gender. Plaintiff contends she was paid wages at a rate less than the rate at which defendant paid employees of the opposite sex for equal work on jobs the performance of which required equal skill, effort and responsibility and which was performed under similar working condition. Plaintiff contends after she complained about the discriminatory treatment to management and received no redress she filed a complaint with the United States Equal

Employment Opportunity Commission ("EEOC"). Plaintiff contends she was then retaliatorily discharged.

On February 2, 2010, plaintiff filed the instant lawsuit naming a defendant Kmart Holding Corporation d/b/a Kmart Corporation. On August 30, 2010, plaintiff's amended complaint was filed naming Kmart Corporation d/b/a Kmart as defendant. On October 20, 2011, plaintiff's second amended complaint was filed.

Defendant now moves to dismiss plaintiff's Fourth Cause of Action, Violation of Oklahoma Law: Discrimination in Pay, plaintiff's Fifth Cause of Action, Violation of Oklahoma Law: Sexual Discrimination in Employment, plaintiff's Seventh Cause of Action, Violation of Oklahoma Law: Intentional Infliction of Emotional Distress and plaintiff's Eighth Cause of Action, Violation of Oklahoma Law: Negligence for failure to state a claim.

## II.   STANDARD OF REVIEW

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."

2

*Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

### III.  DISCUSSION

#### A.  Plaintiff's Fourth and Fifth Causes of Action

Defendant contends that plaintiff has failed to state a claim upon which relief can be granted as to her Fourth and Fifth claims because plaintiff does not allege wrongful termination, but rather alleges deprivation of equal pay and equal employment opportunities because of her sex.

The Oklahoma Supreme Court addressed the issue of the employment-at-will doctrine in *Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla. 1989), the Court held:

> This Court has long recognized the basic principle that an employment contract of indefinite duration may be terminated without cause at any time without incurring liability for breach of contract. Such indefinite employment contracts are deemed terminable-at-will. The classic statement of the at-will rule was that an employment discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong.

*Burk* at p. 26.

Several exceptions to the employment-at-will rule have been enacted by the Oklahoma Legislature.[1]

---

[1] 25 O.S. Supp. 1985 §§ 1302, 1505(c)(1) (discriminatory practice for employer to discharge because of race, color, religion, sex, national origin, age, or handicap); 38 O.S. 1981 §§ 34 and 35 (employer who discharges employee because of employee's absence due to serving on grand jury); 44 O.S. 1981 § 208 (employer subject to fine or imprisonment for discharge of employee while serving in military); 40 O.S. 1981 § 199 (misdemeanor for employer to discharge employee because employee filed a complaint with Commissioner of Labor) and 85 O.S. 1981 §§ 5 and 6 (employee who has filed a workers' compensation claim may not be discharged for exercising statutory right).

However, "[c]ase law has established that the *Burk* exception applies only to cases of wrongful *termination in employment.*" *Mason v. Bd. of Regents of the Univ. Of Oklahoma,* 23 P.2d 964, 968 (Okla. Civ. App. 2001) (emphasis original) (citations omitted). In plaintiff's fourth and fifth causes of action in her second amended complaint, plaintiff does not allege wrongful termination but rather alleges deprivation of equal pay and equal employment opportunities because of her sex. The Court notes defendant does not seek dismissal of plaintiff's Sixth Cause of Action - Violation of Oklahoma Law; Retaliatory Discharge. The Court finds that because plaintiff fourth and fifth causes of actions are based upon alleged adverse action other than termination plaintiff fails to state a claim upon which relief can be granted. Accordingly, the Court grants defendant's motion to dismiss as to plaintiff's fourth and fifth causes of action.

    B.    <u>Plaintiff's Intentional Infliction of Emotional Distress Claim</u>

As plaintiff's seventh cause of action she claims Violation of Oklahoma Law: Intentional Infliction of Emotional Distress. Plaintiff contends defendant discriminated against her by paying her wages at a rate less than that paid to employees of the opposite sex for equal work. Plaintiff contends she objected internally to management peers and to her supervisors and that after filing a formal complaint she was retaliatorily discharged. Defendant contends although plaintiff asserts defendant acted intentionally, with malice and/or reckless indifference, plaintiff's statements are mere conclusions. Defendant contends plaintiff fails to allege facts in support of her intentional infliction of emotion distress claim. Specifically, defendant contends plaintiff has failed to provide an allegations regarding how the alleged conduct occurred, where or when it occurred or does she name who she objected to internally. The Court agrees.

To make a claim for intentional infliction of emotional distress, a plaintiff must plead and

prove:

> "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.

*Computer Publications, Inc. v. Welton*, 49 P.3d 732, 734 (Okla. 2002).

Having carefully reviewed plaintiff's Second Amended Complaint, the Court finds plaintiff has not alleged sufficient facts to demonstrate that defendant's conduct was extreme and outrageous or that as a result of defendant's action she has suffered severe emotional distress. Specifically, the Court finds plaintiff's conclusory allegations as to defendant's unlawful employment practices do not rise to the level of actionable conduct required. Accordingly, the Court finds that plaintiff has not alleged sufficient facts to state a claim of intentional emotional distress. Therefore, the Court grants defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim.

### C. Plaintiff's Negligence Claim

In plaintiff's eighth cause of action, she alleges Violation of Oklahoma Law: Negligence. Plaintiff contends defendant was negligent in its hiring, training, and supervision of management employees. Plaintiff also contends defendant failed to adopt non-discriminatory employment policies. Defendant asserts plaintiff negligence claims must be dismissed because plaintiff fails to allege sufficient facts in support of her negligence hiring, training and supervision claim. Specifically, defendant contends because plaintiff fails to identify who in management she allegedly complained to, when the allegedly negligent act occurred and the identify of defendant's employees charged with knowledge of propensity to commit the alleged harm plaintiff has failed to plead a plausible negligence claim. Defendant also contends plaintiff has failed to allege a plausible claim

of negligent supervision.

Plaintiff appears to argue as a common law tort, that defendant was negligent in hiring, training and supervising her supervisors thereby allowing them to discriminate against her based on her gender. Plaintiff has cited no cases recognizing such a cause of action. In support of this cause of action plaintiff cites to Oklahoma laws prohibiting employment discrimination. In a similar case cited to by defendant the Tenth Circuit held:

> Inventive cause of action appears to be nothing more than an attempt to circumvent the strictures of the employment-at-will doctrine by implying a duty that exposes higher level supervisors to liability for actions for which her immediate supervisors are not liable.

*Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990).

Even if plaintiff's Second Amended Complaint was found to plead a cause of action for negligence, the Court finds that plaintiff's vague, broad and conclusory allegations fail to allege sufficient facts in support of the theory of negligent hiring, training and supervision. Accordingly, the Court grants defendant's motion to dismiss as to plaintiff's negligence claim.

IV.   CONCLUSION

For reasons set forth above, the Court GRANTS Defendant's Partial Motion to Dismiss Second Amended Complaint [docket no. 22].

**IT IS SO ORDERED this 31st day of January, 2012.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE